UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY BELLMORE-BYRNE,

        Plaintiff,                        Case No. 15-cv-11950

                                          Paul D. Borman
v.                                         United States District Judge

                                          David R. Grand
COMMISSIONER OF                  United States Magistrate Judge

SOCIAL SECURITY,

        Defendant.
_____/

OPINION AND ORDER
(1) ADOPTING MAGISTRATE JUDGE DAVID R. GRAND'S
JUNE 23, 2016 REPORT AND RECOMMENDATION (ECF NO. 22);
(2) OVERRULING PLAINTIFF'S OBJECTIONS
TO THE REPORT AND RECOMMENDATION (ECF NO. 23);
(3) DENYING THE COMMISSIONER'S
MOTION FOR SUMMARY JUDGMENT (ECF NO. 20);
(4) GRANTING IN PART THE PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (ECF NO. 19); and
5) REMANDING FOR FURTHER PROCEEDINGS
PURSUANT TO SENTENCE SIX OF 42 U.S.C. § 405(g)

    On June 23, 2016, Magistrate Judge David R. Grand issued a Report and Recommendation to deny the Commissioner's motion for summary judgment, to grant in part the Plaintiff's motion for summary judgment and to remand this Social Security benefits case to the Administrative Law Judge ("ALJ") based on new material evidence. (ECF No. 22, Report and Recommendation.) Plaintiff has filed Objections to the Report and Recommendation, arguing that the Magistrate Judge erred by remanding the matter rather than reversing the decision of the Commissioner and ordering an immediate award of benefits. (ECF No. 23, Objections.) The Commissioner filed a response to

1

the Plaintiff's Objectionts. (ECF No. 25, Response.) For the reasons that follow, the Court ADOPTS the Report and Recommendation, OVERRULES Plaintiff's Objections, DENIES the Commissioner's Motion for Summary Judgment, GRANTS IN PART the Plaintiff's Motion for Summary Judgment and REMANDS this matter PURSUANT TO SENTENCE SIX OF 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendation.

## I.     BACKGROUND

The Magistrate Judge adequately set forth relevant factual background of this matter and the Court adopts that summary here. (Report and Recommendation 2-8.) To summarize, the Magistrate Judge concluded that Plaintiff had presented new and material evidence of metastatic breast cancer and that had this new evidence been available to the ALJ at the time of determination, there was a "reasonable probability" that he would have reached a different conclusion, thus warranting a remand under sentence six of 42 U.S.C. § 405(g).

Plaintiff's partial objection is to the Magistrate Judge's decision to remand under sentence six rather than to issue an immediate reversal and award of benefits. For the reasons that follow, the Court overrules Plaintiff's Objection and adopts the Report and Recommendation.

## II.    STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A non-specific

objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id*.

### III.   ANALYSIS

Although Plaintiff expressly requested a remand pursuant to sentence six to consider new and additional material evidence as an alternate form of relief in her motion for summary judgment, Plaintiff now contends that the Magistrate Judge erred in granting that relief and failing to grant her alternate request for reversal of the Commissioner's decision and an immediate award of benefits based on her claim that the ALJ's decision was not supported by substantial evidence. "The court may remand for an award of benefits only 'if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.'" *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013) (quoting *Faucher v. Sec'y of Health & Human Servs*., 17 F.3d 171, 176 (6th Cir. 1994) (noting that "[a] judicial award of benefits is proper only where the proof

of disability is overwhelming or where the proof of disability is strong and the evidence to the contrary is lacking")).

Specifically, Magistrate Judge Grand remanded pursuant to sentence six for consideration of Plaintiff's new and material evidence and noted as follows regarding Plaintiff's arguments regarding substantial evidence and credibility determinations:

> Plaintiff advances other arguments in her motion for summary judgment, namely that the ALJ's credibility determination is not supported by substantial evidence and that the ALJ erred in evaluating the medical opinions of record. (Doc. #19 at 4-11.) Because the Court agrees that a sentence six remand is appropriate, however, it need not pass on Plaintiff's other alleged errors. Nevertheless, on remand the ALJ should fully consider these other issues raised by Plaintiff.

Report and Recommendation, 11 n. 2. Magistrate Judge Grand thus remanded with instructions to the ALJ to fully consider Plaintiff's substantial evidence and credibility arguments in the context of the sentence six remand. Plaintiff suggests that this was error and that the record evidence of disability is "so overwhelming," and the evidence to the contrary "so lacking" that an immediate award of benefits should have been ordered. The Court disagrees and need look no further than Plaintiff's Objections to reach this conclusion.

For example, Plaintiff asserts that the ALJ's "review of the Function Reports does not fully support the ALJ's analysis of her ability to perform daily activities." (Obj. 2.) The Objection goes on to imply that the ALJ focused on certain aspects of those Reports that supported the credibility determination but ignored others that Plaintiff suggests cut the other way and asserts that "the ALJ merely used selective portions of the records to make an adverse credibility determination." (Obj. 2-3.) That the Function Reports at least "partially support" the ALJ's analysis, and that the record contained selected portions that supported the ALJ's determination, admits the presence of an unresolved factual dispute and is sufficient basis for denying Plaintiff's request for an immediate

4

award of benefits. Similarly, Plaintiff argues that the ALJ erred in assigning greater weight to the opinion of the consultative examiner than to the opinion of Plaintiff's treating physician but she does not suggest that the consultative examiner's opinion was entitled to no weight or that the ALJ's reasons for assigning less weight to Plaintiff's treating physician were totally lacking in record support.

Magistrate Judge Grand did not "pass on" Plaintiff's substantial evidence and credibility arguments, but did instruct the ALJ on remand to "fully consider" these arguments in the context of the sentence six remand. Plaintiff presents insufficient evidence to support her objection that rather than instructing the ALJ to consider her substantial evidence and credibility arguments on remand in light of her new and material evidence, Magistrate Judge Grand should have ordered reversal and an immediate award of benefits. The record before the Court is not so devoid of factual conflicts that it dictates a remand for an immediate award of benefits. *Faucher*, 17 F.3d at 176.

In remanding pursuant to sentence six, the Court "does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* (citation omitted). "The statute provides that following a sentence six remand, the Secretary must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.'" *Id.* (citing 42 U.S.C. § 405(g)). Thus, "the court retains jurisdiction in a Sentence Six remand, and enters final judgment only 'after post-remand

5

agency proceedings have been completed and their results filed with the court.'" *Harrison v. Comm'r of Soc. Sec.*, No. 14-12986, 2015 WL 4756553, at *6 n. 1 (E.D. Mich. Aug. 12, 2015) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) and *Melknoyan*, 501 U.S. at 98).

### IV.   CONCLUSION

For the foregoing reasons, the Court:

(1) OVERRULES Plaintiff's Objections (ECF No. 23);

(2) ADOPTS the Report and Recommendation (ECF No. 22);

(3) DENIES the Defendant's Motion for Summary Judgment (ECF No. 20);

(4) GRANTS IN PART Plaintiff's Motion for Summary Judgment to the extent that it seeks a sentence six remand (ECF No. 19); and

(5) REMANDS to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent the Magistrate Judge's Report and Recommendation.

The Court retains jurisdiction pending the completion of further administrative proceedings on remand.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 22, 2016.

                                            s/Deborah Tofil
                                            Case Manager